## SUBORICH v. ALASKA UNITED GOLD MINING CO.

(Circuit Court of Appeals, Ninth Circuit. July 1, 1918. Rehearing Denied October 14, 1918.)

### No. 3116.

1. MASTER AND SERVANT ⟨⟩265(7)—INJURIES TO SERVANT—NEGLIGENCE.

   Mere proof by servant that his eye was injured by small bits of rock flying into it by reason of another servant breaking rock with a hammer in a mine, without any showing that the other servant was careless, or that breaking rock at such place was improper or unusual, was insufficient, under the doctrine of res ipsa loquitur, to show negligence.

2. MASTER AND SERVANT ⟨⟩265(2)—INJURIES TO SERVANT—NEGLIGENCE—BURDEN OF PROOF.

   In an action by a servant, negligence on part of master is not to be inferred, but must be proved by servant.

Appeal from the District Court of the United States for Division No. 1 of the District of Alaska; Robert W. Jennings, Judge.

Action by Rodevan Suborich against the Alaska United Gold Mining Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Rodevan Suborich, John Rustgard, and A. H. Ziegler, all of Juneau, Alaska, and Charles L. Brown, of San Francisco, Cal., for appellant.

Hellenthal & Hellenthal, J. A. Hellenthal, and Simon Hellenthal, all of Juneau, Alaska (Curtis H. Lindley, of San Francisco, Cal., of counsel), for appellee.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

HUNT, Circuit Judge. The plaintiff, after alleging that he was an employé as a laborer in the mine of the defendant, charged that, while he was engaged in assisting in the extraction of ore, another employé was engaged in breaking ore in the mine with a large sledgehammer about 10 feet away from plaintiff; that the employé struck ore and rocks with the hammer in a direction towards plaintiff, "and in a direction necessarily driving pieces of said rock or ore against this plaintiff, as said other employé then and there well knew; that nevertheless said employé negligently and wantonly, and with utter disregard for the safety of this plaintiff, then and there struck a piece of rock or ore in the direction aforesaid by said sledgehammer, and thereby and in that manner did drive a piece of said ore or rock onto the face and right eye of plaintiff, and thereby and in that manner inflicted serious wounds upon the face and right eye of plaintiff." After denying all negligence, the case was tried before a jury.

The only testimony in support of the averments of negligence came from the plaintiff and the shift boss of the mining company. After testifying that he was a miner employed by the defendant company as a car dumper, plaintiff said:

"I was in the employ of defendant company as a car dumper, working underground on the 1,500-foot level of the defendant's mine on Douglas Island. For several years prior to the injury I had been in the employ of said company, and engaged in doing all kinds of laboring work inside the mine, except machine work. On the date mentioned there was working within 6 or 8 feet of me another employé of the defendant, by the name of 'Shortie,' whose work consisted in dumping ore cars over grizzlies into ore chutes. There was one large rock which 'Shortie' was endeavoring to break by striking it with a hammer, and while he was so engaged a piece of the rock flew from under the hammer so used by 'Shortie' and struck me in the right eye, so injuring me that in consequence thereof I have entirely lost the sight of that eye."

That was the whole of the testimony of plaintiff. Olson, the shift boss when the accident occurred, also an experienced miner, testified for plaintiff that:

"In breaking rock with a hammer, when the hammer is swung from right to left against a rock, pieces of the rock are likely to be driven from the right to the left."

Upon this evidence defendant moved for a nonsuit, on the ground that no evidence had been introduced showing or tending to show negligence on the part of defendant or its agents. The motion was granted, judgment went in favor of defendant, and plaintiff appealed.

The position of plaintiff is best stated by the following quotation from his brief:

"A close scrutiny of the record discloses the fact that the plaintiff has made substantial proof of his injury, and, adopting the theory that an employer is required to exercise reasonable care in providing an employé with a safe place to work, and must be held unreasonable in damages for neglect of this duty, brings us to the conclusion that from the evidence presented there was sufficient proof upon which the trial court should have sent the case to the jury for its conclusions."

[1] But there is no evidence of negligence on the part of defendant. There is nothing whatever tending to show that it was improper or careless for the mining company to use grizzlies in sorting the rock to fall into the ore chutes below. Obviously, in using a grizzly, it is often necessary to break larger rocks by use of a hammer. There is nothing at all tending to show that "Shortie" was careless in the manner in which he broke the rock, for in breaking any rock with a hammer pieces are likely to fly in various directions. Nor is there the slightest bit of evidence that the place in which the plaintiff was working was in itself unsafe, or that the work involved any hazard not usual or incidental to the risk of the employment plaintiff was engaged in.

[2] Negligence is not to be inferred, but must be proved by the party charging it. The doctrine of res ipsa loquitur is not applicable, for it is impossible to say that the accident and the circumstances under which it occurred naturally raise the presumption that the mining company violated any duty which the law imposed upon it. Shearman & Redfield on Negligence, §§ 58a, 58b.

As the record fails to disclose evidence of omission by defendant to use that degree of care and diligence which it was its duty by law to use for the protection of plaintiff from injury, no action for damages lies against defendant.

The judgment is affirmed.